# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. ANGINO, *et al.*, | : | 1:17-cv-954 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| TRANSUNION, LLC, | : | |
| Defendants. | : | |

## **MEMORANDUM**

## **November 19, 2018**

Before the Court is Defendant Transunion, LLC's (hereinafter "Transunion") Motion for Summary Judgment ("the Motion"). (Doc. 47). Plaintiffs Richard C. Angino and Alice K. Angino (hereinafter collectively referred to as "Plaintiffs") filed a brief in opposition on September 20, 2018. (Doc. 52). Transunion filed a reply on October 4, 2018. (Doc. 54). The Motion is therefore ripe for our review. For the reasons that follow, the Motion shall be granted and judgment shall be entered in favor of Transunion.

## I.     BACKGROUND

The undisputed facts taken from the record are as follows. Over the last several decades, Plaintiffs have made a series of successful financial investments and engaged in numerous successful business ventures, particularly in real estate. (Doc. 1 at ¶¶ 5-6). Beginning in 2008, however, Plaintiffs experienced a number of financial difficulties resulting from the recession and collapse of the real estate

1

market. (Doc. 48 at ¶ 10). In 2008, Plaintiffs lost $2.8 million in stock value when the stock market crashed. (Doc. 48 at ¶ 11). Plaintiffs' financial troubles worsened in May 2010 when Santander Bank "called" Plaintiffs' loans totaling $6.3 million. (Doc. 50 at ¶ 13). A judgment amounting to more than $6.3 million in favor of Santander Bank was entered against Plaintiffs on July 23, 2014. (Doc. 49-1 at 11, 70:19-24).

Since 2014, various creditors have denied Plaintiffs' applications for credit. (Doc. 53 at ¶ 7; Doc. 49-1 at 142-70; Doc. 53 at ¶ 28). These credit decisions were based on adverse information contained in Plaintiffs' credit file. (Doc. 49-1 at 142-70).

Starting in 2016, Plaintiffs filed numerous dispute letters with Transunion about their credit file. (Doc. 1 at ¶ 30). In the dispute letters, Plaintiffs challenged the accuracy of Transunion's categorization as "Adverse Accounts" several accounts on which Plaintiffs had made late payments. (Doc. 1-1 at 105-06). These accounts include a Santander Bank mortgage on which Plaintiffs made late payments starting in February 2012, (Doc. 1-1 at 105-06; Doc. 49-1 at 55; Doc. 49-1 at 45, 102:18-19), a Wells Fargo Home Mortgage account on which Plaintiffs made late payments starting in August 2012, (Doc. 1-1 at 105-06; Doc. 49-1 at 55-56), a Santander Bank second mortgage on which Plaintiffs made late payments starting in March 2013, (Doc. 1-1 at 105-06; Doc. 49-1 at 55; Doc. 49-1 at 45,

102:18-19), a Santander Bank line-of-credit on which Plaintiffs made late payments starting in October 2013, (Doc. 1-1 at 105-06; Doc. 49-1 at 55; Doc. 49-1 at 44, 99:5-21), and an American Honda Finance account on which Plaintiffs made a late payment in August 2015. (Doc. 1-1 at 105-06; Doc. 49-1 at 22, 162:18-163:2; Doc. 50 at ¶ 7).

Plaintiffs concede that they made late payments on each of these accounts, (Doc. 1-1 at 105-06; Doc. 49-1 at 22, 162:18-163:2; Doc. 49-1 at 55-56; Doc. 49-1 at 44, 99:5-21; Doc. 49-1 at 45, 102:18-19; Doc. 50 at ¶ 7), but assert that the late payments should no longer affect their credit score since their financial circumstances have improved. (Doc. 1 at ¶¶ 14-18; Doc. 49-1 at 32, 203:5-22; Doc. 49-1 at 32-33, 205:20-206:4; Doc. 49-1 at 22, 163:4-16; Doc. 49-1 at 85-104; Doc. 50-1 at 16-56).

## II. STANDARD OF REVIEW

Summary judgment is appropriate if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" only if there is a sufficient evidentiary basis for a reasonable jury to find for the non-moving party, and a fact is "material" only if it might affect the outcome of the action under the governing law. *See Sovereign Bank v. BJ's Wholesale Club, Inc.*, 533 F.3d 162, 172 (3d Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248

(1986)).  A court should view the facts in the light most favorable to the non-moving party, drawing all reasonable inferences therefrom, and should not evaluate credibility or weigh the evidence.  *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 772 (3d Cir. 2013) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000)).

Initially, the moving party bears the burden of demonstrating the absence of a genuine dispute of material fact, and upon satisfaction of that burden, the non-movant must go beyond the pleadings, pointing to particular facts that evidence a genuine dispute for trial.  *See id.* at 773 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)).  In advancing their positions, the parties must support their factual assertions by citing to specific parts of the record or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A court should not grant summary judgment when there is a disagreement about the facts or the proper inferences that a factfinder could draw from them. *See Reedy v. Evanson*, 615 F.3d 197, 210 (3d Cir. 2010) (citing *Peterson v. Lehigh Valley Dist. Council*, 676 F.2d 81, 84 (3d Cir. 1982)).  Still, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."  *Layshock ex rel. Layshock v.*

*Hermitage Sch. Dist.*, 650 F.3d 205, 211 (3d Cir. 2011) (quoting *Anderson*, 477 U.S. at 247-48) (quotation marks omitted).

**III.    DISCUSSION**

Plaintiffs assert both federal statutory claims under the Fair Credit Reporting Act, (FCRA), 15 U.S.C. § 1681 *et seq.*, and state common law claims. We will address these claims in turn.

**A.    Negligent Noncompliance with FCRA**

Plaintiffs' Complaint sets forth one count of negligent noncompliance with the FCRA. Plaintiffs' claims under this statutory scheme are essentially twofold: (1) that Transunion did not maintain reasonable procedures to ensure maximum possible accuracy, in violation of 15 U.S.C. § 1681e(b); and (2) that Transunion did not conduct reasonable investigations of Plaintiffs' disputes to their credit report, in violation of 15 U.S.C. § 1681i(a).

**1.    Failure to Maintain Reasonable Procedures**

The FCRA requires a credit reporting agency ("CRA") to follow reasonable procedures to assure the maximum possible accuracy of its reporting. *See* 15 U.S.C. § 1681e(b). A case of negligent noncompliance with § 1681e(b) consists of four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered

injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (quoting *Philbin v. Trans Union Corp.*, 101 F.3d 957, 963 (3d Cir. 1996)). "A report is inaccurate when it is 'patently incorrect' or when it is 'misleading in such a way and to such an extent that it can be expected to [have an] adverse[]' effect." *Id.* (quoting *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001)) (brackets in original).

Plaintiffs here do not dispute the accuracy of the data reported by Transunion. In fact, Plaintiffs have expressly admitted that they made late payments on each of the disputed accounts. Instead, Plaintiffs argue that Transunion improperly listed the accounts under the "Adverse Accounts" heading on Plaintiff's credit report when, for example, "there was only one late payment reported as thirty (30) days past due," (Doc. 52 at 8), or when Plaintiffs paid an account "regularly except for one month" and then paid the account in full. (*Id.* at 9). The FCRA expressly allows CRAs to report "*adverse* item[s] of information" up to seven years after the adverse event. 15 U.S.C. § 1681c(a)(5) (emphasis added); *see also Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014) ("'[A]dverse items of information' . . . may be reported only for seven years after the adverse event.'" (brackets omitted)). The "Adverse Accounts" notation is nothing more than a heading on Plaintiffs' credit report indicating the accounts that

6

contain adverse items of information.  Plaintiffs have not produced any evidence showing either an inaccuracy in the reporting of the late payments or that the late payments occurred more than seven years before the dates of the reports.[1]

Plaintiffs also question terms such as "serious delinquency" and "amount owed on revolving accounts is too high," which appear on credit decision letters Plaintiffs received from creditors.  These notations, however, are not part of the "information" contained in Plaintiffs' consumer reports, *see* 15 U.S.C. § 1681e(b), but instead reflect the "key factors" that adversely affected Plaintiffs' credit scores as required by the FCRA's consumer disclosure provisions.  *See id.* § 1681g(f)(1)(C) (requiring credit reporting agencies to disclose "key factors" that adversely affected a consumer's credit score).  The FCRA distinguishes between consumer reports and consumer disclosures.  "Once CRAs receive credit information from furnishers, they compile and distribute the information to subscribers through credit reports, and to consumers through consumer disclosures."  *Shaw v. Experian Info. Sols. Inc.*, 891 F.3d 749, 752 (9th Cir. 2018).  FCRA's accuracy requirement pertains to the preparation of "consumer reports," not to consumer disclosures.  *See id.* § 1681e(b); *see also Holmes v. TeleCheck*

---

[1] Plaintiffs claim that it was improper for Santander Bank to demand full payment of the $250,000 line-of-credit in October 2014.  (Doc. 49-1 at 31-32, 201:11-202:2; Doc. 50 at ¶ 5).  However, that is irrelevant for our purposes because Santander Bank reported Plaintiffs' payments as late.  *See Serfess v. Equifax Credit Info. Servs.*, No. 13-406 (RBK/JS), 2014 U.S. Dist. LEXIS 120138, at *20 (D. N.J. Aug. 28, 2014) ("[A] credit reporting agency is not required to referee a dispute between a consumer and lender.").  Plaintiffs proffer no evidence that Transunion inaccurately reported information from Santander Bank.

*Int'l, Inc.*, 556 F. Supp. 2d 819, 839 (M.D. Tenn. 2008). "In other words, a claim for inaccuracies in a file disclosure is not cognizable under the FCRA." *Holmes*, 556 F. Supp 2d at 839. None of the disclosures Plaintiffs obtained fall within the FCRA's definition of "consumer reports." *See* 15 U.S.C. §1681a(d)(2)(A)(i) ("[T]he term 'consumer report' does not include . . . any report containing information solely as to transactions or experiences between the consumer and the person making the report.").

Plaintiffs, by their own admissions, cannot satisfy the threshold element of inaccuracy of a § 1681e(b) claim. Thus, inasmuch as there is no genuine issue of material fact concerning the accuracy of the information included in their consumer credit reports, we will grant summary judgment in favor of Transunion on this claim.

### 2. Failure to Conduct Reasonable Investigations

Plaintiffs next claim that Transunion failed to conduct reasonable investigations as required by 15 U.S.C. § 1681i(a). The Third Circuit has enumerated the elements of a § 1681i(a) claim as follows: (1) that the consumer disputed the accuracy of an item in his or her credit file and (2) that a reasonable investigation by the agency could have uncovered the inaccuracy. *See Cushman v. TransUnion Corp.*, 115 F. 3d 220, 226 (3d Cir. 1997). Similar to the aforestated claim, an assertion that Transunion failed to conduct reasonable investigations, as

8

required by § 1681i(a), implies inaccurate data disputed by the consumer. *See Schweitzer*, 441 F. App'x at 904 n.9 (finding summary judgment on a § 1681i claim properly granted in favor of a CRA because no genuine issue of material fact as to the accuracy of the consumer credit report existed). Thus, it is evident that a consumer can only achieve relief under § 1681i(a) if the disputed data was inaccurate.

As we have previously noted, Plaintiffs have admitted to the accuracy of Transunion's records. Thus, with no discernible inaccuracy, this claim likewise fails. Accordingly, we will grant summary judgment on Plaintiffs § 1681i(a) claim.

### B.     Willful Noncompliance with FCRA

Plaintiffs' Complaint also sets forth one count of willful noncompliance with the FCRA. The FCRA imposes civil liability on credit reporting agencies that "willfully fail[] to comply with any requirement" under the FCRA. 15 U.S.C. § 1681n(a). Plaintiffs base their claim on the same set of facts that formed the basis for their negligent noncompliance claims. However, as we have already noted, Plaintiffs presented no evidence that Transunion even *negligently* failed to comply with the FCRA and certainly no evidence that Transunion did so *willfully*. Accordingly, we will also grant summary judgment on Plaintiffs § 1681n(a) claim.

### C.     Common Law Claims

Finally, Plaintiffs' Complaint sets forth one count of common law defamation and one count of common law fraud.

In Pennsylvania, "[d]efamation, of which libel, slander, and invasion of privacy are methods, is the tort of detracting from a person's reputation, or injuring a person's character, fame, or reputation, by *false* and malicious statements." *Joseph v. Scranton Times L.P.*, 959 A.2d 322, 334 (Pa. Super. Ct. 2008) (emphasis added). "In order to be actionable, the words must be untrue, unjustifiable, and injurious to the reputation of another." *Id.*

A common law cause of action for fraud contains the following elements: "(1) a representation; (2) which is material to the transaction at hand; (3) made *falsely*, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance." *Gibbs v. Ernst*, 647 A.2d 882, 889 (Pa. 1994) (emphasis added).

In light of Plaintiffs' failure to proffer any evidence showing an inaccuracy in their credit reports, we will also grant summary judgment on Plaintiffs' defamation and fraud claims.

## IV.     CONCLUSION

Based on the foregoing analysis, the Court shall grant Transunion's Motion for Summary Judgment. We shall issue a separate order in accordance with this ruling.