# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD C. ANGINO and | : | |
| ALICE K. ANGINO, his wife, | : | |
|     Plaintiffs, | : | No. 1:17-cv-954 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| TRANSUNION, LLC, | : | |
|     Defendant. | : | |

## ORDER

### January 8, 2019

AND NOW, upon consideration of Plaintiffs' Motion for Reconsideration, (Doc. 60), it is hereby **ORDERED** that the Motion is **DENIED.**[1]

 

s/ John E. Jones III
John E. Jones III
United States District Judge

---

[1] "The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Thus, reconsideration is appropriate only on a showing of one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* Although Plaintiffs do not identify the grounds on which they seek reconsideration, it is apparent from their submissions that they base their request on a purported clear error. Plaintiffs' argument, however, represents no more than an attempted "second bite at the apple." Furthermore, Plaintiffs confusingly argue that Defendant failed to disclose required "key factors" while simultaneously arguing that the "key factors" provided were misleading. The "key factors," as we found in our Order, are not actionable under the Fair Credit Reporting Act and, moreover, refer to delinquencies admitted to by the Plaintiffs. Plaintiffs offer no basis to construe our decision as clearly erroneous and cannot use a motion for reconsideration to relitigate issues already decided by the Court.